UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ROBERT F. SINEGAL | CASE NO.  6:25-CV-00706 SEC P |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| USA, ET AL | MAGISTRATE JUDGE AYO |

## MEMORANDUM ORDER

*Pro se* plaintiff Robert Sinegal filed a complaint pursuant to 42 U.S.C. § 1983 on May 20, 2025.  (Rec. Doc. 1).  Amended Complaints were filed on May 22, 2025 (Rec. Doc. 4) and June 23, 2025 (Rec. Doc. 11).   This civil action remains on initial review pursuant to 28 U.S.C. §§ 1915 and 1915A.

On August 4, 2025, Plaintiff filed a MOTION FOR COURTS TO ORDER JAIL TO ALLOW ME ACCESS TO LAW LIBRARY (Rec. Doc. 13), presently pending before this Court.  He asks the Court to allow him access to legal services, as he has tried to contact attorneys, but "none will take the case." *Id*.

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide *pro se* litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "ree-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996). It is within the Court's discretion to appoint counsel, unless the case presents

"exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

Should the matter proceed past initial review, and should the Court determine that the circumstances presented in Plaintiff's suit are "exceptional" so as to warrant the appointment of counsel or additional legal assistance, the Court will revisit Plaintiff's request. However, at this time,

**IT IS ORDERED** that Plaintiff Robert Sinegal's MOTION FOR COURTS TO ORDER JAIL TO ALLOW ME ACCESS TO LAW LIBRARY (Rec. Doc. 13) is **DENIED**.

**THUS DONE AND SIGNED** in chambers this 25th day of September, 2025.

_____
David J. Ayo
United States Magistrate Judge