UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ROBERT F. SINEGAL**           **CASE NO. 6:25-CV-00706 SEC P**

**VERSUS**           **JUDGE JAMES D. CAIN, JR.**

**USA, ET AL**           **MAGISTRATE JUDGE DAVID J. AYO**

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert F. Sinegal, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 20, 2025. (Rec. Doc. 1). Sinegal is a pre-trial detainee in the custody of the Louisiana Department of Corrections and is currently incarcerated at the Catahoula Correctional Center in Harrisonburg, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**I.   BACKGROUND**

The instant suit centers around Sinegal's August 24, 2024, arrest. This arrest, subsequent criminal charges, and claims related to Sinegal's reputation following the suit have been the subject of previous lawsuits filed by him and ultimately dismissed by this Court[1]. In the suit presently before the Court, Sinegal seeks "compensation to advertise for good fame," funds to recreate a computer program he alleges was seized by law enforcement in connection with his arrest, and "help from the government with international business" so that his company can expand into the international market. (Rec. Doc. 4 at 4).

**II.   LAW AND ANALYSIS**

*1. Frivolity Review*

---

[1] Issues related to the circumstances surrounding his arrest and subsequent criminal charges have been dismissed with prejudice. *See Sinegal v. United States, et al,* No. 6:25-cv-369 (W.D. La. May 9, 2025) (Rec. Doc. 46). Claims of damage to Plaintiff's reputation as a result of the criminal charges have been dismissed with prejudice. *See Sinegal v. Cates, et al,* No. 6:25-cv-433 (W.D. La., June 25, 2025) (Rec. Doc. 30).

Sinegal has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### 2. *Damage to Reputation*

"Damage to reputation alone, unaccompanied by other injury, will not, therefore, suffice for recovery under 42 U.S.C. § 1983, which protects only against 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Williams v. Aucoin,* 2025 U.S. Dist. LEXIS 16337, 2025 WL 322278 (W.D. La. Jan. 8, 2025) (citing *In re Selcraig,* 705 F.2d 789, 795 (5th Cir. 1983); *see Paul v. Davis*, 424 U.S. 693 (1976) (holding that an individual's interest in his reputation is simply one of a number of interests "which the State may protect against injury by virtue of its tort law" and any harm or injury to the interest does not result in the deprivation of any "liberty" or "property" rights recognized by state or federal law)). Accordingly, Sinegal is not entitled to any compensation from the government for the damage to his business reputation as a result of his arrest and ongoing criminal prosecution.

### III.     CONCLUSION AND RECOMMENDATION

Therefore,

**IT IS RECOMMENDED** that the instant suit be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers this 23rd day of October, 2025.

David J. Ayo
United States Magistrate Judge

3